UNITED STATES DISTRICT COURT
DISTRICT Of SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>Vs. )<br>)<br>RYAN M. LAQUIERE, )<br>)<br>DEFENDANT. )<br>_____) | SENTENCING MEMORANDUM<br><br>Case No.: 2010-cr-00937-BM |

### PURPOSE OF MEMORANDUM

This Memorandum is not an objection to the Pre-Sentence Report but a clarification of this Defendants role in the set of facts set out in the Pre-Sentence Report.

### THE DEFENDANT'S ROLE IN THE OFFENSE

The Defendant attended and graduated from the University of Hawaii in December, 2004. In early 2005, he left Hawaii and was returning to South Carolina when he stopped in California to visit a friend and became involved in the last few months of the criminal conduct. The Defendant left California and returned to Charleston, South Carolina in June 2005. His role was minor in comparison to the other defendants. He was not a director or planner. While it does not have a bearing on criminal culpability directly the fact of the matter is that this defendant did not profit from his involvement.

### REHABILITATION PRIOR TO INDICTMENT

The Defendant returned to Charleston, South Carolina in June 2005 where he has been continuously employed with Triad Mechanical Contractors, Inc. He spent several years working

in the field before being trained for his current position as a project manager. After returning to South Carolina from California, the Defendant lived in compliance with the law for over five (5) years before he was indicted. During that period he worked a full time job, filed and paid his taxes, purchased a home and got married. Since this indictment, he has continued to comply with the law and has consistently tested negative for illegal substances as is indicated in the Presentence Report submitted by the Government.

## **THE CULTURAL BACKGROUND OF THE OFFENSE**

This offense occurred in California. Once again it has no bearing directly on culpability. But it should be noted that the cultural atmosphere in California did affect the Defendant in making the decision to become involved in the activity. Much like the attitudes during prohibition in 1920's the attitude on marijuana in California has been well documented in the news and in the Federal Governments struggle with the State. Please see for example; California Proposition 19 (2010) Wikipedia section 4 History; San Francisco examiner May 1, 2012 "Feds Raid "Princeton Pot".

## The Defendant

While the Defendant's past use of marijuana is documented in the Pre-Sentence report his actual conduct has been very law abiding since leaving his short term involvement in the scheme in California and went to work for his documented employer. He obtained a South Carolina drivers license which accurately identified his current address and regularly filed his taxes. He applied for and received a United States Passport. He utilized this Passport on vacation travel. Utility bills, automotive loan statements, credit card account statements, insurance invoices, checking and savings account statements, a mortgage statement, and other information which commonly appear on an individual's credit report were all sent to the Defendant's current address; first, at his parents' home, then to his leased apartment, and finally to the home he jointly purchased with his wife.

At no time did he hide or conduct his life as a fugitive. The only unique question is why it took the Government so long to locate and indict him. When the University of Hawaii played in the Sugar bowl he along with family, attended the game. He receives a newsletter from the University of Hawaii, at his current address so his whereabouts have never been a secret. The Government was in possession of the defendant's University of Hawaii student ID and the University's records indicate his home address in Charleston, South Carolina. Additionally, while he has not been reviewed for a security clearance, his

employer has done government work listing him for review as one of its employees. His date of graduation establishes his first date, in essence, of arrival in California. His University records clearly reflect where he is from in South Carolina. So his leaving California and returning to South Carolina may produce a "hiding in plain sight argument" but at no time was he ever in hiding. His conduct over these past years has been open, documented and law abiding.

## CONCLUSION

In conclusion the Defense merely wants the Court to be aware of this Defendants short term involvement in the conduct complained of and his otherwise law abiding conduct in not attempting to elude the Government.

Respectfully Submitted,

Eric Laquerie, Esquire and
William L. Runyon, Jr., Esquire

**BY:** *s/William L. Runyon, Jr*
**# 3 Gamecock Avenue**
**Suite 303**
**Charleston, South Carolina 29407**
**(843) 571-3515**
**(843) 766-5085  Facsimile**

**Attorney for Defendant**